**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS L. WILLIAMS<br>(aka MALIK ALI EL-BEY),<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 3:19-cv-00653-RCJ-WGC<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

On October 29, 2019, Plaintiff filed the following documents: (1) a Petition for Grant-In-Aid for Non-Profit Foundation (ECF No. 1-1); (2) a Petition for Sovereign Immunity (ECF No. 1-2); and (3) a Petition for Name Change (ECF No. 1-3). He subsequently filed another document titled as an application for a federal grant. (ECF No. 3.)

Plaintiff did not file a civil complaint, and his initiating documents were not accompanied by an application to proceed in forma pauperis (IFP) by an inmate or the filing fee. Therefore, the court ordered the Clerk to send him the instructions and application form to proceed IFP, and gave him 30 days to file the completed IFP application or pay the full $400 filing fee. Plaintiff filed his IFP application on November 14, 2019. (ECF No. 5.) On the same day he filed another document titled as an application for a grant. (ECF No. 6.) On November 27, 2019, and December 2, 2019, he filed documents asking about the status of his case. (ECF Nos. 7, 8.)

In his documents, Plaintiff states he is the CEO/founder/president of Thomas L. Williams aka Malik Ali El-Bey of A B C Community Chest. He states that he requests a grant-in-aid for an honorably discharged veteran in the form of a non-profit that is a sober living, re-entry house for indigent inmates coming out of prison in Las Vegas, Reno, Carson City and Lovelock, Nevada, as well as substance abuse programs and a transitional living phase program. He also seeks sovereign immunity and petitions to change his name to Malik Ali El-Bey.

None of Plaintiff's documents present a case or controversy appropriate for disposition by the federal court. Instead, it appears that Plaintiff seeks to establish a specialty court program, diversion program or re-entry program for veterans with substance abuse issues. Plaintiff is currently detained in the Washoe County Detention Center, and has previously been incarcerated within the State of Nevada's prison system, the Nevada Department of Corrections (NDOC). These type of programs are not the province of the federal court. In fact, the State's Court system has various diversion and re-entry programs already established that Plaintiff might inquire into. For instance, the Second Judicial District Court of the State of Nevada in Washoe County has a veteran's court program, a diversion court program for criminal defendants diagnosed with a substance use disorder, and a prison re-entry court program.

The United States District Court for the District of Nevada recently established a pilot program for a federal court veteran's diversion program, but it only applies to adjudication of federal Central Violations Bureau (CVB) citations at the Veterans Administration Medical facility in Reno, Nevada. *See* First Amended General Order 2018-03.

Sovereign immunity is provided to the federal government as well as state and tribal governments so that they may not be sued unless they have waived such immunity or otherwise consented to suit. It is not otherwise applicable to individuals.

Finally, to the extent Plaintiff seeks to change his name, he must petition for such relief in the State court.

In sum, because Plaintiff does not seek relief that the court is capable of granting, this action should be dismissed, all outstanding motions should be denied, and the case closed.

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING THIS ACTION AND DENYING ALL PENDING MOTIONS AND CLOSING THIS CASE.**

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: December 13, 2019.

_____
William G. Cobb
United States Magistrate Judge